**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10336 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00217-PMP-PAL-1 |
| v. | |
| DRAGOMIR TASKOV, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted February 10, 2014
Stanford, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and MUELLER, District Judge.[**]

Dragomir Taskov appeals from the final judgment of the district court following a jury trial. Taskov was convicted on two counts of receipt or interstate transportation of a stolen vehicle, 18 U.S.C. § 2315, one count of interstate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

transport of a stolen vehicle, 18 U.S.C. § 2314, and one count of insurance fraud, 18 U.S.C. § 1341. He was sentenced to 82 months in prison. On appeal, Taskov challenges numerous rulings made by the district court before and during trial, the administration of the trial by the district court, and his sentence. He also moves to supplement the record on appeal with transcripts of conversations intercepted by law enforcement officials. We grant Taskov's motion to supplement the record and affirm the final judgment of the district court.

Taskov challenges numerous rulings made by the district court before and during his trial; these challenges are without merit. First, he offers no evidence that evidence introduced at trial was obtained as the result of unlawful wiretapping. Second, he fails to demonstrate that he was subjected to vindictive prosecution, prosecutorial misconduct, or untimely production of discovery, so he cannot show that he was entitled to a dismissal or declaration of mistrial. Third, he does not point to any evidence impermissibly admitted by the district court in contravention of Federal Rule of Evidence 404(b).

The issues Taskov raises for the first time on appeal are similarly unavailing. He fails to demonstrate that he was deprived of his right to a speedy trial, particularly in light of his assent to three of the four continuances that resulted in

his trial's postponement. Further, he makes no showing that he was prejudiced by any bias shown by the district judge.

Taskov also raises three specific challenges to his sentence. As to his claim that his sentence is disproportionately severe compared to those of his co-defendants, Taskov cannot show that his sentence is unreasonable. He is not similarly situated to his co-defendants, whom the district court observed had pleaded guilty, assisted the government, and, unlike Taskov, had not testified falsely at trial. A "claim[] that the disparity between the sentence [the defendant] received and those received by his co-conspirators was unwarranted . . . fails [where] none of [his] co-conspirators was similarly situated to [the defendant]." *United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009).

Similarly, the district court did not err in determining that Taskov was an organizer of a criminal enterprise involving five or more participants for the purpose of calculating his Guideline range. Taskov offers no basis for concluding that the district court clearly erred in its findings that the counts of conviction alone implicated five or more participants and that Taskov played a role central to the conduct charged in the indictment, which is "evidence 'that the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime.'"

3

*United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013) (quoting *United States v.*

*Ingham*, 486 F.3d 1068, 1074 (9th Cir. 2007)).

Taskov also challenges the district court's consideration of acquitted conduct

in fashioning his sentence. Taskov was charged with 34 counts related to his

alleged involvement in a conspiracy that committed numerous criminal acts. He

was acquitted on the conspiracy count. At sentencing, the district court explicitly

stated that it was considering acquitted conduct in calculating Taskov's sentence.

It is unclear precisely what role acquitted conduct played in Taskov's

ultimate sentence, because the district court also stated that it arrived at Taskov's

below-Guideline sentence[1] of 82 months by taking the 41-month sentence of co-

conspirator Dimitar Dimitrov and doubling it, justified primarily by its finding that

Taskov had given false testimony at trial. Even if the district court relied on its

own findings that Taskov had committed conduct underlying counts on which he

had been acquitted, such reliance is permitted. *See United States v. Mercado*, 474

F.3d 654, 657-58 (9th Cir. 2007) (holding that there is "no Sixth Amendment

violation when sentencing judges consider conduct underlying acquitted counts").

Taskov has not shown that *Mercado* is "'clearly irreconcilable' with intervening

---

[1]The district court determined that Taskov was subject to a Guideline range
of 135-168 months.

Supreme Court precedent," so his argument that *Mercado* should be overturned may only be considered by this court sitting en banc. *Biggs v. Sec'y of Cal. Dep't of Corr. & Rehab.*, 717 F.3d 678, 689 (9th Cir. 2013) (quoting *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc)).

Finally, we note our concern that the district court calculated Taskov's sentencing range under the Guidelines based on findings by a preponderance of the evidence, rather than by the more rigorous clear and convincing evidence standard. "When . . . the combined impact of contested sentencing enhancements is disproportionate relative to the offense of conviction, the district court must apply the clear and convincing evidence standard of proof. There is no bright-line rule for determining when the clear and convincing evidence standard applies. Instead, we look at the totality of the circumstances. . . ." *United States v. Riley*, 335 F.3d 919, 925-26 (9th Cir. 2003) (citing *United States v. Jordan*, 256 F.3d 922, 927-29 (9th Cir. 2001)).

Here, the district court found by a preponderance of the evidence that Taskov had committed both conduct of which he had been acquitted and conduct for which he had never been charged. Because Taskov "failed to object to the district court's application of the preponderance standard, we review for plain error." *Id.* at 925 (citing Fed. R. Crim. P. 52(b)). Under this standard, we will

5

reverse the district court only if "the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

Although it appears likely that the district court should have found all conduct supporting Taskov's sentencing enhancements by clear and convincing evidence, we need not decide the issue because the district court did not plainly err. A great deal of the conduct that the district court found by a preponderance of the evidence was in fact supported by the conduct underlying the counts on which Taskov was convicted after the jury found him guilty beyond a reasonable doubt. As a result, the difference between the sentence based only on those enhancements supported by the convicted conduct and Taskov's actual 82-month sentence does not amount to a doubling nor to a four-point or greater increase under the Guidelines. Consequently, "[e]ven if the district court's application of a preponderance standard of review were an error, it would not be 'plain.'" *United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008) (quoting *Jordan*, 256 F.3d at 926); *see also United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *Riley*, 335 F.3d at 926, 927.

Taskov's motion to supplement the record is **GRANTED**. The final judgment of the district court is **AFFIRMED**.

6